UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON FOSTER | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-03059-CV-S-MDH |
| | ) | |
| v. | ) | Judge: M. Douglas Harpool |
| | ) | |
| OUTLAND SPORTS, INC., | ) | |
| API OUTDOORS, INC., | ) | |
| SPORTSMAN'S GUIDE, LLC, | ) | |
| MAINSTREAM HOLDINGS, INC., | ) | |
| GLOBAL MANUFACTURING CO., LLC, | ) | |
| and GOOD SPORTS MARKETING, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO: UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, SOUTHERN DIVISION

Defendants, Good Sportsman Marketing, LLC (incorrectly named as Good Sports Marketing, LLC) ("GSM"), Mainstream Holdings, Inc. ("Mainstream"), Global Manufacturing Company, LLC (incorrectly named as Global Manufacturing Co., LLC) ("Global Manufacturing"), Sportsman's Guide, LLC ("Sportsman's Guide") and API Outdoors, Inc. (an improperly named entity) (collectively "Defendants"), through their attorneys, and pursuant to 28 U.S.C. § 1441, *et. seq.,* file this Notice of Removal of the above-captioned matter to the United States District Court for the Western District of Missouri, Southern Division and in support of their Notice of Removal state:

### BACKGROUND and PARTIES

1.  This action was commenced on or about February 19, 2025, by the filing of Plaintiff, Jason Foster ("Plaintiff")'s Petition with Jury Demand in the Circuit Court of Christian

1

County, Missouri, "*Jason Foster v. Outland Sports, Inc., et. al*" being Case No. 24CT-CC00178 in the files and records of that Court. This civil action involves allegations of strict products liability and negligence claims against Defendants. (***Exhibit A***, Plaintiff's Petition)

2. There have been no further proceedings in the State Court Action.

3. Defendant GSM, Mainstream and Global Manufacturing were served with a copy of the Summons and Petition on March 3, 2025. Defendant Sportsman's Guide was served with a copy of the Summons and Petition on March 6, 2025. Copies of the Summons and Petition, together with all other processes, pleadings and orders served upon Defendant in the above-described action are attached as ***Exhibit A***.

4. API Outdoors is no longer operating as a corporation and is only a brand name for treestand and hunting products. ***Exhibit B***, *Affidavit of P. Meeks*, ¶¶ 5, 8-9.

5. Outland Sports, Inc. was the prior corporation that had purchased API Outdoors, Inc. in 1999, including the API Outdoors trade name. Outland Sports, Inc. later filed for bankruptcy around 2003 and through its bankruptcy estate sold the API Outdoor trade name. ***Exhibit B***, ¶¶ 3-6.

6. Plaintiff alleges that the subject product is an API Outdoors Marksman climbing treestand, model GCL300-A, Batch 9G-0114, which identifies this product as being manufactured under the API Outdoor brand name by Global Manufacturing in 2014. (Petition, ¶ 1).

7. This Notice of Removal is being timely filed under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of that in which Defendants GSM, Mainstream, Global Manufacturing were and Sportsman's Guide were served with Plaintiff's Petition with Jury Demand.

## REMOVAL IS PROPER BASED UPON DIVERSITY JURISDICTION

8. The above-described action is one of which this Court has original jurisdiction on the basis of complete diversity of citizenship and an amount in controversy in excess of $75,000.00, exclusive of interest and costs, under the provisions of 28 U.S.C. § 1441(a) and pursuant to the procedures set forth in 28 U.S.C. § 1446, for the following reasons:

9. This is a civil action in which Plaintiff alleges strict products liability and negligence claims against Defendants. ***Exhibit*** **A**.

10. Upon information and belief, Plaintiff was at all times relevant hereto a resident and citizen of the State of Missouri.

11. Pursuant to 28 U.S.C. § 1332(c)(1), Global Manufacturing Company, LLC was a limited liability company with its principal place of business in Minnesota. Global Manufacturing is no longer operating as a limited liability company and was acquired by Defendant GSM. Therefore, Defendant Global Manufacturing was not, and is not, a citizen of the State of Missouri.

12. Pursuant to 28 U.S.C. § 1332(c)(1), Mainstream Holdings, Inc. was a incorporated in Minnesota with its prior headquarters in Minnesota; however, it was acquired by Defendant GSM and its headquarters are now located at 5250 Frye Road, Irving, Texas 75061.

13. Pursuant to 28 U.S.C. § 1332(c)(1), Good Sportsman Marketing, LLC ("GSM") is a limited liability company with its principal place of business at 5250 Frye Road, Irving, Texas 75061. The sole member of GSM is GSM Holding, Inc. GSM Holding, Inc. is a Delaware corporation with its principal place of business in Texas. For purposes of diversity jurisdiction, Good Sportsman Marketing, LLC is a citizen of Delaware and Texas. Therefore, Defendant GSM was not, and is not, a citizen of the State of Missouri.

14. Pursuant to 28 U.S.C. § 1332(c)(1), Defendants Sportsman's Guide, LLC is a Minnesota limited liability company with its principal place of business in in Minnesota. The sole member of Sportsman's Guide, LLC is Crecera Brands, LLC. Crecera Brands, LLC is a Delaware limited liability company with its principal place of business in Minnesota. The members of Crecera Brands, LLC are SA Holdco, Inc. and Cascade Equity Partners, LLC. Cascade Equity Partners, LLC is a Michigan limited liability company with its principal place of business in Michigan. The members of Cascade Equity Partners, LLC are Rajesh Kothari, Ron Reed, and Matt Miller, all of whom are Michigan residents. SA Holdco, Inc. is a Delaware corporation with its headquarters in Michigan. For purposes of diversity jurisdiction, Sportsman's Guide is a citizen of Minnesota, Delaware and Michigan. Therefore, Defendant Sportsman's Guide was not, and is not, a citizen of the State of Missouri.

15. Outland Sports, Inc. is believed to be a foreign corporation of Kansas or Tennessee that had filed for bankruptcy and sold off the assets of API Outdoors, Inc. and should be considered a fraudulently joined defendant, and its citizenship should be disregarded for purposes of the Court's diversity jurisdiction.

16. A party can be disregarded for purposes of determining diversity jurisdiction if they are merely a sham or nominal party. *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S. Ct. 247 (1930). *See also, Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (("[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy.") (internal quotations and citation omitted).

17. A non-diverse party will not defeat diversity jurisdiction when that party has been fraudulently joined since, for the purposes of determining diversity jurisdiction, the citizenship of a fraudulently joined party is completely ignored. *See e.g., Reeb v. Wal-Mart Stores, Inc.,* 902 F.

Supp. 185, 186 (E.D. Mo. 1995); *Kan. Pub. Emps. Ret. Syst. v. Reimer & Kroger Assocs., Inc.,* 4 F.3d 614, 619 (8th Cir. 1993). The right of an out-of-state defendant to remove a diversity suit to federal court "cannot be defeated by the fraudulent joinder of a resident defendant." *Simpson v. Thomure,* 484 F.3d 1081, 1083 (8th Cir. 2007).

18. "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." *Kamatcheva v. JPMorgan Chase Bank, N.A.,* 704 F.3d 545, 546 (8th Cir. 2013) (quoting *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 871 (8th Cir. 2003)). Removal is appropriate if joinder of certain defendants is fraudulent and the defendants are "merely nominal parties against whom no real relief is sought." *Pecherski v. General Motors Corp.,* 636 F.2d 1156 (8th Cir. 1981). Thus, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 811 (8th Cir. 2003).

19. Missouri courts have recognized two factors for determining whether a defendant has been fraudulently joined. Specifically, "[i]n order to establish that a resident defendant has been fraudulently joined, the removing party must show that (i) there is no possibility the plaintiff would be able to establish a cause of action against the resident defendant in state court; or (ii) there has been outright fraud in the plaintiffs pleading of jurisdictional facts." *Dorsey v. Sekisui America Corp.,* 79 F.Supp.2d 1089, 1091 (E.D. Mo. 1999). Here, Outland Sport, Inc. was not the corporation that owned API Outdoors, Inc. and/or the API Outdoors brand name at the time that the subject product at issue in this case was designed and manufactured. The evidence in this case establishes that Outland Sports, Inc. is a nominal party and there is no evidence of any viable claim

against Outland Sports, Inc. under any theory asserted by Plaintiff in his Petition. As such, Outland Sports' citizenship should be disregarded and it should be dismissed from this case.

20. In addition, any fictitious defendants' citizenship, such as the brand name API Outdoors, is to be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

21. This is a controversy between a Missouri resident and Defendants with citizenship in the States of Delaware, Minnesota, Texas and Michigan. Consequently, the controversy is between citizens of different states.

22. Although Defendants deny any and all liability, the amount in controversy exceeds the $75,000.00 jurisdictional limit of this Court, exclusive of interest and costs based on the fact that Plaintiff seeks damages for past, present and future medical services and expenses related to injuries to his chest, ribs, lungs, back and neck. Plaintiff also seeks diminution of earning capacity and loss of household contributions.

23. The Eighth Circuit held that the amount in-controversy requirement may be satisfied even when the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum. *Turntine v. Peterson,* 959 F.3d 873, 880 (8th Cir. 2020). The removing party must only show, by a preponderance of the evidence, an arguable basis on which the fact finder "might legally conclude" that the amount in controversy exceeds $75,000. *Gurrola v. Tyson Fresh Meats, Inc.*, 2014 WL 25594, at *2 (D. Neb. Jan. 2, 2014) (**Exhibit C**); see also *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) ("Under the preponderance standard, the jurisdictional fact ... is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are[.]")

24. Where a plaintiff does not "allege a specific amount in controversy" in the complaint, "the amount in controversy depends upon the value of the relief the plaintiff

seeks." *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (citing *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010)). The Eighth Circuit further has held that, "[t]his amount-in-controversy requirement is satisfied when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Capitol Indem. Corp. v. 1405 Associates, Inc.,* 340 F.3d 547, 549 (8th Cir.2003).

25. In *Quinn v. Kimble,* 228 F.Supp.2d 1038 (E.D. Mo. 2002), this Court denied plaintiff's Motion to Remand based on the lack of meeting the jurisdictional amount, finding that a jury *could* award the requisite jurisdictional amount given that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive and disabling injuries; that their ability to work, labor and enjoy life has been and will be impaired; and that Quinn lost wages.

26. In *Haynes v. Louisville Ladder Group, LLC,* 341 F.Supp.2d 1064, 1068-69 (E.D. Ark. 2004), the district court found that plaintiff's allegations in the complaint which included "past and future medical expenses; past and future pain, suffering, and mental anguish; the value of any earnings, salary, working time lost; the present value of any earnings, salary, working time reasonably certain to be lost in the future; the present value of any loss of ability to earn in the future; and scarring, disfigurement, including, but not limited to the large scar on his head," made recovery in excess of $75,000 more likely than not. *See also, Howerton v. American Family Mutual Insurance Company, S.I.,* 2021 WL 779551 (E.D. Mo. Mar. 1, 2021) (**Exhibit C**), the Eastern District Court ruled that a jury could find that plaintiff's damages exceeded $75,000.00 where plaintiff's alleged in his complaint that he "sustained injuries to his low back, neck, right wrist and

7

CLARKHILL\J6117\464994\281199992.v1-3/19/25

Case 6:25-cv-03059-MDH     Document 1     Filed 03/19/25     Page 7 of 10

left knee pain," and that "due to these injuries, plaintiff's ability to work, labor and enjoy life were severely impaired." *Id.* at 2.

27. In *Keithly v. Mocadlo,* 2017 WL 513053 (E.D. Mo. Feb. 8, 2017) (***Exhibit C***), this Court denied plaintiff's motion to remand despite the fact that plaintiff's alleged damages were "not known to a certainty," based on the allegations in plaintiff's petition that he sustained "permanent, progressive, and disabling injuries to various bones, joints, muscles, nerves, and systems of his body." *Id.* at *1. The district court noted that based on these allegations in plaintiff's petition, a fact finder "might legally (and reasonably) conclude that the damages exceed $75,000 exclusive of cost." *Id.* The Court continued:

> Once the removing party meets its burden of proof, the non-removing party must establish to a legal certainty that the amount in controversy is less than $75,000. *Green v. Dial Corp.*, 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) [***Exhibit B***] (citing Bell, 557 F.3d at 956). Plaintiff "does not know the amount in controversy," and therefore cannot establish it to a legal certainty. (ECF No. 12).

28. In *Ward v. Sailormen, Inc.,* 2007 WL 1040934 (E.D. Mo. Apr. 3, 2007) (***Exhibit C***), this Court denied plaintiff's Motion to Remand, despite the fact that plaintiff specifically claimed damages in excess of $25,000.00 but less than $75,000.00 in her complaint, finding that in light of the extent to which plaintiff's injuries were plead (plaintiff alleged serious and permanent injuries to her head, neck, back, arms, legs and buttocks), the court could not find as a matter of law, that plaintiff's damages would not exceed $75,000.00.

29. The Court should also consider relevant jury verdicts in determining whether damages are likely to exceed $75,000.00. *See, e.g., Haynes v. Louisville Ladder Group, LLC,* 341 F.Supp.2d 1064, 1069 (E.D. Ark. 2004). In *Hubbs v. Tucker Tire Service*, Docket No. 15-PHCV-01346 (***Exhibit D***), Circuit Court of Missouri, Twenty-fifth Judicial Circuit, Phelps County, the jury awarded plaintiff $750,000 in a product liability case where plaintiff alleged injuries that

included four lost teeth, a nose fracture, cervical strain, contusions to his face and a closed head injury. In *Pitman v. Ameristep Corporation, et. al,* Docket No. 2:14CV00085 (**Exhibit D**), Eastern District Court of Missouri, the jury awarded plaintiff $800,000 in a products liability case involving a hunting treestand where plaintiff claimed injuries including a laceration and wound to his left arm and injuries to his head, neck, spine, shoulder, chest, abdomen, pelvis and eye. In *John Street v. Ryder System, Inc., et al,* Cause # CV94-5906 (**Exhibit D**), Circuit Court of Missouri, Jackson County, a jury awarded plaintiff $93,000 in damages on a combined strict liability and negligence claim where plaintiff alleged soft tissue injuries to his wrist, back and neck, carpal tunnel syndrome to one wrist and bulging discs in his neck and low back. In *Siering v. The Prime-Mover Co.,* Docket No. 902-00975 (**Exhibit D**), Circuit Court of Missouri, Twenty-Second Judicial Circuit, City of St. Louis, a jury awarded plaintiff $200,000 in a design defect case where plaintiff sustained a fracture to his right hip and nondominant elbow.

30. Pursuant to 28 U.S.C. § 1446(a) a Notice of Filing Notice of Removal will be filed with the Clerk of the Court for the Christian County Circuit Court of Missouri and will be served upon the Plaintiff's counsel. A true and correct copy of the written Notice of Filing Notice of Removal is attached hereto as **Exhibit E** and incorporated herein by reference. Plaintiff is hereby notified to proceed no further in State Court.

31. WHEREFORE, Defendants, Good Sportsman Marketing, LLC, (incorrectly named as Good Sports Marketing, LLC), Mainstream Holdings, Inc., Global Manufacturing Company, LLC (incorrectly named as Global Manufacturing Co., LLC), Sportsman's Guide, LLC and API Outdoors, Inc. (an improperly named entity) respectfully request that the above-described action be removed from Chirstian County Circuit Court, State of Missouri, to the United States District Court for the Western District of Missouri, Southern Division.

Respectfully submitted,
**EVANS & DIXON, L.L.C.**

By: */s/ C. Bradley Tuck*
   C. Bradley Tuck
   Missouri Bar No. 35505
   btuck@evans-dixon.com
   4905 S. National Avenue, Building B
   Springfield, Missouri 65810
   T: (417) 882-4700 / F: (417) 882-4927

*Attorney for Defendants Good Sportsman Marketing, LLC, Mainstream Holdings, Inc., Global Manufacturing Company, LLC, Sportsman's Guide, LLC and API Outdoors, Inc.*

Dated: March 19, 2025